UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>      v.<br><br>RONALD J. DAVENPORT, et al.,<br><br>               Defendants. | No. CV-08-158-FVS<br><br>ORDER ADOPTING DECEMBER 17, 2009, REPORT AND RECOMMENDATION |

**THIS MATTER** comes before the Court without oral argument. The United States is represented by W. Carl Hankla and Michael Hatzimichalis. Ronald J. Davenport is representing himself.

**BACKGROUND**

On October 20, 2009, the government filed a motion for sanctions based upon Ronald J. Davenport's alleged failure to provide discovery as ordered by the Court on September 23, 2009.

On December 7, 2009, the Court referred the government's motion to Magistrate Judge James P. Hutton for a report and recommendation.

On December 17, 2009, Magistrate Judge Hutton filed a report indicating Mr. Davenport wrongfully failed to provide discovery in violation of the Federal Rules of Civil Procedure. Magistrate Judge Hutton recommended sanctions: first, that the Court enter a default judgment against Mr. Davenport; second, that the Court require him to pay the attorneys' fees and costs the government has incurred as a

ORDER - 1

result of bringing its motion for sanctions.

On December 22, 2009, the government filed a motion asking the Court to vacate the scheduling order pending resolution of its discovery dispute with Mr. Davenport.

On December 23, 2009, Mr. Davenport filed a paper that arguably constituted an effort to assert a third-party claim against the Court.

On December 28, 2009, Mr. Davenport filed objections to Magistrate Judge Hutton's report and recommendations.

On December 30, 2009, the government filed a response to Mr. Davenport's objections.

On January 6, 2010, the Court disqualified itself given Mr. Davenport's attempt to assert a third-party claim.

On January 11, 2010, the Court asked the Chief Judge of the United States District Court for the Eastern District of Washington to assign the matter to another district judge for the purpose of determining whether Mr. Davenport may prosecute a third-party claim in the instant action.  The Chief Judge assigned the matter to United States District Judge Edward F. Shea.

On February 25, Judge Shea struck Mr. Davenport's putative third-party claim.

**RULING**

A. Disqualification

In view of Judge Shea's order of February 25th, the Court is no longer a party to this action.  Thus, the Court vacates its order of January 6, 2010.  The Court will preside over this case.

ORDER - 2

### B. Report and Recommendation

Magistrate Judge Hutton prepared a thorough and thoughtful report. Mr. Davenport's objections are frivolous. Consequently, the Court adopts Judge Hutton's report. As he explains therein, Federal Rule of Civil Procedure 37(b)(2)(A)(vi) authorizes a judge to enter a default judgment against a person who fails to obey a discovery order. Mr. Davenport disobeyed the Court's order of September 23, 2009, despite being warned of the potential consequences of disobedience. The Court agrees with Magistrate Judge Hutton that the appropriate sanction is entry of a default judgment. The next step is to decide what the judgment should say. To that end, the government shall submit a proposed order of default that does two things: first, declares Mr. Davenport to be in default as a result of his failure to provide discovery and, second, sets forth the terms of the default judgment the government seeks. The Court reserves ruling with respect to attorneys' fees and costs. If the government continues to seek them, it must file documentation supporting the sums it requests.

**IT IS HEREBY ORDERED:**

1. The Court **vacates** its disqualification order of January 6, 2010.

2. The Court **adopts** the Report and Recommendation submitted by Magistrate Judge James P. Hutton (**Ct. Rec. 87**).

3. To the extent indicated above, the Court **grants** the government's motion for sanctions (**Ct. Rec. 72**).

4. The Court **grants** the government's motion to vacate (**Ct. Rec.**

ORDER - 3

**88**) the scheduling order that was entered on February 6, 2009.  The Court will conduct another scheduling conference as needed.

    5. Within eleven days of entry of this order, the government shall submit a proposed order of default.

    6. If the government seeks attorneys' fees and costs, it shall submit a documented request within eleven days of entry of this order.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel and Mr. Davenport.

**DATED** this ___26th___ day of February, 2010.

                          s/ Fred Van Sickle
                              Fred Van Sickle
                Senior United States District Judge