UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. CV-08-0158-FVS |
|---|---|
| Plaintiff, | ORDER GRANTING THE GOVERNMENT'S DISPOSITIVE MOTION, DENYING DEFENDANT'S MOTIONS, ENTERING JUDGMENT IN FAVOR OF THE GOVERNMENT, AND CLOSING THE FILE |
| v. | |
| RONALD J. DAVENPORT, et al., | |
| Defendants. | |

**THIS MATTER** comes before the Court without oral argument. The United States is represented by Rolf H. Tangvald, W. Carl Hankla and Michael Hatzimichalis. Ronald J. Davenport is representing himself. Jennifer J. Davenport is representing herself. Wind Ivy Ministries is unrepresented.

**BACKGROUND**

On February 26, 2010, the Court entered an order adopting the report and recommendation of the magistrate judge and determined that Mr. Davenport is in default as a sanction for his failure to provide discovery. (Ct. Rec. 105). As a result of the default, the Complaint's allegations against Mr. Davenport are deemed admitted.[1] The Court has subsequently received several motions from Mr. Davenport

---

[1] Mr. Davenport has failed to file valid income tax returns despite earning significant sums of money. Moreover, to avoid the collection of taxes, Mr. Davenport engineered a series of fraudulent transfers.

ORDER . . . - 1

requesting various miscellaneous relief (Ct. Rec. 107, 124, 128, 129, 130, and 141) as well as a motion by the Government for the entry of default judgment against Mr. Davenport, summary judgment against Ms. Davenport, and the entry of default judgment against Wind Ivy Ministries (Ct. Rec. 110).

**DISCUSSION**

**I.   The Government's Motion**

   **A.   Mr. Davenport**

On February 26, 2010, the Court determined that the appropriate sanction for Mr. Davenport's refusal to comply with the Court's order of September 23, 2009, was the entry of default judgment. (Ct. Rec. 105 at 3). The Court ordered the Government to submit a proposed order for the Court to review. *Id*. The Government complied with the Court's directive on March 9, 2010. (Ct. Rec. 110). Having reviewed the submissions of the parties and being fully advised, the Court finds as follows:

   1.   The Government's motion for default judgment as to Mr. Davenport (Ct. Rec. 110) is granted.

   2.   Mr. Davenport is indebted to the United States in the amount of $298,700.31 as of March 9, 2010, which represents the unpaid balance of the federal income tax liabilities assessed against him together with statutory interest and other additions accruing after March 9, 2010, plus interest and statutory additions accrued but unassessed. Mr. Davenport is additionally liable for post-judgment interest at the legal rate until paid in full.

ORDER . . . - 2

3. The Government has valid and subsisting federal liens on all property and rights to property of Mr. Davenport, both real and personal, tangible and intangible, including real property located at 5231 W. Hattery Owens Road, Deer Park, Washington 99006, and an 8.5 acre parcel of unimproved real property in Stevens County, hereinafter referred to as "Subject Property."

4. The purported transfers of the Subject Property from Mr. Davenport to Ms. Davenport and from Ms. Davenport to Wind Ivy Ministries were fraudulent transfers and are thus set aside by the Court.

5. The Government's tax liens attach to the Subject Property.

6. The Government's tax liens encumbering the Subject Property shall be foreclosed and the Subject Property sold pursuant to 28 U.S.C. § 7403 and 28 U.S.C. § 2001. The net proceeds of the sales shall be applied towards the satisfaction of the federal tax liens.

7. The Government is awarded attorney's fees and costs in the amount of $1,393.09.

**B.   Wind Ivy Ministries**

Wind Ivy Ministries was served with the summons and complaint on June 18, 2008. (Ct. Rec. 5). On June 8, 2009, the Government moved for entry of default against Wind Ivy Ministries (Ct. Rec. 31), who had not responded to the complaint, and the Office of the District Court Executive entered default on June 26, 2009 (Ct. Rec. 40). The Government filed a motion for default judgment as to Wind Ivy Ministries on March 9, 2010. (Ct. Rec. 110).

ORDER . . . - 3

Wind Ivy Ministries has had more than sufficient time to come forward through counsel and assert a response to the Government's claims. It has failed to do so.

Having complied with the requirements of Fed. R. Civ. P. 55 and LR 55.1, the Government's motion for default judgment as to Wind Ivy Ministries (Ct. Rec. 110) is granted.

**C.   Ms. Davenport**

The Government's motion on March 9, 2010, also seeks summary judgment against Ms. Davenport. (Ct. Rec. 110). While Ms. Davenport was served with the summons and complaint on June 18, 2008 (Ct. Rec. 3), and filed an answer to the complaint on September 16, 2009 (Ct. Rec. 62), Ms. Davenport has not responded to the Government's motion for summary judgment.

Local Rule 7.1(h)(5) holds that "[a] failure to timely file a memorandum of points and authorities in support of or in opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an Order adverse to the party in default." In addition, pursuant to Local Rule 56.1(d), the failure to file a statement of specific facts in opposition to a motion for summary judgment allows the Court to assume the facts as claimed by the moving party exist without controversy. LR 56.1(d).

Because Ms. Davenport has not contested the pending motion for summary judgment, the Court may assume that the facts claimed by the Government exist without controversy. The Court thus finds that entry

ORDER . . . - 4

of summary judgment in favor of the Government and against Ms. Davenport is appropriate.  Accordingly, the Government's motion for summary judgment as to Ms. Davenport (Ct. Rec. 110) is granted.

In this case, the Government's liens attach to Mr. Davenport's one-half interest in the Unimproved Property while Ms. Davenport owns the other half of the property.  Ms. Davenport may not preclude the sale of the Unimproved Property.  However, Ms. Davenport will be fairly compensated by receiving her one-half of the net sales proceeds, after costs of sale.

An Order of Sale pertaining to the Unimproved Property shall be forthwith entered by the Court.

**II.  Mr. Davenport's Pending Motions**

Based on the foregoing determinations by the Court, Mr. Davenport's pending motions (Ct. Rec. 107, 124, 128, 129, 130, and 141), all of which were filed by Mr. Davenport following the Court's determination that he was in default as a sanction for his failure to provide discovery (Ct. Rec. 105), are denied as moot.

**CONCLUSION**

The Court being fully advised, **IT IS HEREBY ORDERED as follows:**

1.  The Government's motion for the entry of default judgment against Mr. Davenport, summary judgment against Ms. Davenport, and the entry of default judgment against Wind Ivy Ministries (**Ct. Rec. 110**) is **GRANTED.**

2.  **JUDGMENT SHALL BE RENDERED IN FAVOR OF THE GOVERNMENT AND AGAINST DEFENDANTS AS DESCRIBED ABOVE.**

ORDER . . . - 5

3.  Mr. Davenport's pending motions (**Ct. Rec. 107, 124, 128, 129, 130, and 141**) are **DENIED AS MOOT**.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, forward a copy to counsel and Defendants, enter judgment in favor of the Government, and **CLOSE THE FILE**.

**DATED** this ___7th___ day of May, 2010.

> S/Fred Van Sickle
> Fred Van Sickle
> Senior United States District Judge