UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>RONALD J. DAVENPORT, et al.,<br><br>        Defendants. | No. CV-08-0158-FVS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL |

**THIS MATTER** comes before the Court on Mr. Davenport's Rule 59 Motion for a New Trial (Ct. Rec. 148) and Rule 60 Motion to Vacate Void Judgment (Ct. Rec. 152).  The United States is represented by Rolf H. Tangvald, W. Carl Hankla and Michael Hatzimichalis.  Ronald J. Davenport is representing himself.  Jennifer J. Davenport is representing herself.  Wind Ivy Ministries is unrepresented.

**BACKGROUND**

On February 26, 2010, the Court entered an order adopting the report and recommendation of the magistrate judge and determined that Mr. Davenport is in default as a sanction for his failure to provide discovery.  (Ct. Rec. 105).  The Government subsequently filed a motion for the entry of default judgment against Mr. Davenport, summary judgment against Ms. Davenport, and the entry of default judgment against Wind Ivy Ministries.  (Ct. Rec. 110).  On May 7, 2010, the Court entered an order granting the Government's motion, entering judgment in favor of the Government, and closing the file. (Ct. Rec. 146).

ORDER . . . - 1

**DISCUSSION**

**I.  Rule 59 Motion**

On May 11, 2010, Mr. Davenport moved the Court for a new trial pursuant to Federal Rule of Civil Procedure 59.  (Ct. Rec. 148).

It is a basic principle of federal practice that "courts generally . . . refuse to reopen what has been decided . . . ." *Messinger v. Anderson,* 225 U.S. 436, 444 (1912); *see, Magnesystems, Inc. v. Nikken, Inc.*, 933 F.Supp. 944, 948 (C.D. Cal. 1996).  However, reconsideration is appropriate if the court:  (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law.  *School District 1J, Multnomah County v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994); *see, also, Alliance for Cannabis Therapeutics v. D.E.A.*, 15 F.3d 1131, 1134 (D.C. Cir. 1994).  There may also be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263. However, a motion for reconsideration "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).  "Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence."

ORDER . . . - 2

*Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)); *see, Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129 (2000).

Absent exceptional circumstances, only three types of arguments provide an appropriate basis for a motion for reconsideration: arguments based on newly discovered evidence, arguments that the court has committed clear error, and arguments based on "an intervening change in the controlling law." *89 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Mr. Davenport fails to present newly discovered evidence to warrant reconsideration and is not contending that there has been an intervening change in controlling law. Mr. Davenport contends that the Court committed a manifest error of law because the United States District Court lacks subject matter jurisdiction and Judge Van Sickle does not have Article III power to issue an order in this case. (Ct. Rec. 149).

While Mr. Davenport continues to argue that this Court lacks jurisdiction over him, it is in fact clear that the Court has jurisdiction over both the subject matter of this action and the person of Ronald J. Davenport. *See* 26 U.S.C. § 7402(a) (granting United States District Courts jurisdiction over civil actions brought pursuant to § 7403); 28 U.S.C. § 1340 (granting United States District Courts jurisdiction over "civil action[s] arising

ORDER . . . - 3

under any Act of Congress providing for internal revenue"); 28 U.S.C. § 1345 (granting United States District Courts jurisdiction over "all civil actions, suits or proceedings commenced by the United States"). Article III, Section 2 of the United States Constitution provides that the district court's power extends to "all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . . ." U.S. Const. art. III, § 2. Mr. Davenport's arguments that this Court lacks jurisdiction over him are without merit.

Mr. Davenport has failed to present newly-discovered evidence to warrant reconsideration and is not contending that there has been an intervening change in controlling law. Mr. Davenport has additionally failed to show a clear error of law exists with respect to the Court's May 7, 2010 order. Mr. Davenport has thus failed to provide a proper basis for this Court to reconsider its judgment in this matter under Rule 59.

**II.  Rule 60 Motion**

On May 14, 2010, Mr. Davenport filed a motion for relief under Fed. R. Civ. P. 60(b). (Ct. Rec. 152).

Reconsideration is available under Rule 60(b) upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

///

ORDER . . . - 4

Mr. Davenport again argues that this Court lacks subject matter jurisdiction and is not an Article III court. (Ct. Rec. 153). As discussed above, Mr. Davenport's contentions is this regard are not correct. To the contrary, it is clear that the Court has jurisdiction over the subject matter of this action and Article III power to preside over the matter. Accordingly, Mr. Davenport has demonstrated no new or different facts or circumstances, fraud, or void judgment to warrant reconsideration. Nor has he alleged that relief is appropriate under Rule 60(b)(1)-(2) & (5)-(6). Relief is unavailable under Rule 60(b) in this case.

**CONCLUSION**

Mr. Davenport has failed to provide a proper basis for this Court to reconsider its judgment in this matter under Rule 59 or Rule 60(b). Accordingly, Mr. Davenport's Rule 59 Motion for a New Trial (**Ct. Rec. 148**) and Rule 60 Motion to Vacate Void Judgment (**Ct. Rec. 152**) are **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and provide copies to counsel and Defendants.

**DATED** this ___3rd___ day of June, 2010.

          S/Fred Van Sickle
          Fred Van Sickle
     Senior United States District Judge

ORDER . . . - 5