UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

               Plaintiff,

        v.

RONALD JAMES DAVENPORT, et al.,

               Defendants.

No. CV-08-158-FVS

ORDER DENYING MOTION TO
VACATE AND GRANTING
MOTION TO AMEND

**ACTION BY CLERK REQUIRED**

    **THIS MATTER** comes before the Court without oral argument based
upon Ronald J. Davenport's motion to vacate the judgment and the
United States' motion to amend it.  The United States is represented
by Michael P. Hatzimichalis.  Mr. Davenport is representing himself.

    **BACKGROUND**

    On May 19, 2008, the United States filed a "Complaint to Reduce
Federal Tax Assessments to Judgment and to Foreclose Federal Tax Liens
on Real Property" (ECF No. 1).  The title of the complaint succinctly
sums up the genesis of the action:  the defendants' alleged failure to
pay federal income taxes.  On May 7, 2010, the Court granted two
motions.  One was the United States' motion for entry of a default
judgment against Ronald J. Davenport as a sanction for his failure to
provide discovery.  The other motion was the United States' motion for
summary judgment against Mr. Davenport's former wife and a putative

Order - 1

corporation named "Wind Ivy Ministries."  (ECF No. 145.)  The Clerk of

the Court entered a one-page, written judgment the same day.  (ECF No.

146.)  The judgment orders Mr. Davenport to pay the United States the

sum of $298,700.31 in unpaid tax liabilities and penalties.  The

judgment also orders him to pay the United States the sum of $1,393.09

in attorneys fees and costs.  *Id.*  On May 14, 2010, Mr. Davenport

filed a motion to vacate the judgment.  (ECF No. 152.)  He sought

relief under Federal Rules of Civil Procedure 12(h)(3), 60(b)(3), and

60(b)(4).  *Id.* at 1.  Among other things, he argued the Court lacks

jurisdiction over the subject matter of the action.  *Id.* at 8-15.  The

Court denied Mr. Davenport's motion to vacate.  (ECF No. 162.)  He

appealed and, while his appeal was pending, the United States took

steps to execute the judgment.  As it turned out, Mr. Davenport's

principal asset was a parcel of real property that he and his former

wife owned.  The property was sold at an auction for $172,100.  One

half of the net proceeds were distributed to Mr. Davenport's former

wife.  The other half of the net proceeds were applied to Mr.

Davenport's debt to the United States.  On July 5, 2012, the Ninth

Circuit issued a short memorandum opinion affirming the judgment.

During the spring of 2013, Mr. Davenport lodged a second motion with

the Clerk attacking the judgment under Rule 60(b)(4).  (ECF No. 188.)

The United States filed a response to his motion on July 3, 2010, and,

on July 10, 2013, the United States filed a motion of its own asking

the Court to amend the judgment.  The United States says it

erroneously requested the payment of certain penalties Mr. Davenport

Order - 2

does not owe.

**RULING**

Mr. Davenport alleges the judgment that was entered on May 7, 2010, is void because the Court lacked jurisdiction over the subject matter of the action.  He urges the Court to vacate the judgment pursuant to Rule 60(b)(4).  *See, e.g., United States v. Berke*, 170 F.3d 882, 883 (9th Cir.1999) ("A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law.").  In assessing the merits of Mr. Davenport's Rule 60(b)(4) motion, it is necessary to begin with the relief requested in the complaint.  The United States sought to reduce federal tax assessments to judgment and to foreclose federal tax liens on real property.  This type of action is a creature of statute, and, as such, is subject to limitations that have been imposed by Congress.  For example, "[n]o civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary [of the Treasury] authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced."  26 U.S.C. § 7401.  The United States acknowledged the preceding, statutory requirement in its complaint.  Paragraph 2 alleged, "This action is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service

Order - 3

("IRS"), a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7403."   There is no reason to doubt the accuracy of paragraph 2.   Thus, the United States was authorized by Congress to bring the action it commenced on May 19, 2008.   The fact the action was authorized by Congress means the Court had "original jurisdiction."   28 U.S.C. § 1345 ("the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress").

Mr. Davenport questions the preceding conclusion.   While he acknowledges "the United States" has authority, pursuant to § 1345, to commence an action in a district court and the district court has "original jurisdiction" over the action, he is troubled by the fact that, in the instant action, the title of the complaint lists the "UNITED STATES OF AMERICA" as the plaintiff.   Based upon the research he has done, Mr. Davenport believes the term "UNITED STATES OF AMERICA" is a term of art.   In his opinion, it refers to the 50 states of the Union in their aggregate.   He does not think the 50 states in their aggregate, *viz.*, the "UNITED STATES OF AMERICA," have the power to bring an action against him; only "the United States" has that power, and, according to him, that entity is not the plaintiff in this action.   Thus, as Mr. Davenport views the complaint, he has not been sued by "the United States" and, so, this Court lacks original jurisdiction over the action.

Mr. Davenport's interpretation of the title of the complaint is

Order - 4

unpersuasive.  Federal Rule of Civil Procedure 10(a) states, "Every

pleading must have a caption with the court's name, a title, a file

number, and a Rule 7(a) designation.  The title of the complaint must

name all the parties . . . ."  Typically, each party's name is typed

in capital letters in the title.  This convention has no legal

significance.  *See, e.g., Adams v. City of Marshall*, No. 4:05-CV-62,

2005 WL 2739029 (W.D.Mich. Oct. 24, 2005) (quoting *United States v.*

*Heijnen*, 375 F.Supp.2d 1229, 1231 (D.N.M.,2005)).  Thus, the fact the

complaint lists the plaintiff in the instant action as the "UNITED

STATES OF AMERICA" rather than, say, the "United States of America"

or, even, the "United States" does not alter the identity of the

plaintiff.  Indeed, were there any real question as to the identity of

the plaintiff in the instant action, it could quickly be answered by a

review of the body of the complaint.  For example, Paragraph 1 states

in part, "This is a civil action brought by the United States of

America to reduce federal income tax assessments against Ronald James

Davenport . . . to judgment . . . ."  Looking at the complaint in its

entirety, there can be no doubt Mr. Davenport was sued by the United

States pursuant to authority conferred by Congress.  That being so,

the Court had jurisdiction over the subject matter of the action.  The

judgment is not void for want of subject matter jurisdiction.

   However, in fairness to Mr. Davenport, the judgment does need to

be amended.  As explained above, the judgment orders him to pay the

United States the sum of $298,700.31 in unpaid tax liabilities and

penalties, and it orders him to pay the United States the sum of

Order - 5

$1,393.09 in attorneys fees and costs.  The figure $298,700.31 is the

sum of both unpaid tax liabilities ($270,410.66) and frivolous return

penalty assessments ($28,289.65).  The United States has discovered

that the total frivolous return penalty assessments should have been

$3,599.47, not $28,289.65.  The United States acknowledges its error

and urges the Court to amend the judgment accordingly.  The Court will

do so.  The first sentence of the first full paragraph of the judgment

will be amended to state, "Mr. Davenport is indebted to the United

States in the amount of $275,404.22 as of March 9, 2010."

**IT IS HEREBY ORDERED:**

1. The "Motion for Relief from Judgment per FRCP 60(b)(4)" (**ECF No. 188**) is **denied.**

2. The "United States' Motion to Amend Judgment" (**ECF No. 191**) is **granted.**  The Clerk of the Court shall prepare and file an amended judgment.  The first sentence of the first full paragraph of the judgment shall be amended to state, "Mr. Davenport is indebted to the United States in the amount of $275,404.22 as of March 9, 2010."

**IT IS SO ORDERED.**  The Clerk of the Court is hereby directed to enter this order and furnish copies of this order and the amended judgment to Mr. Davenport and to counsel for the United States.

**DATED** this ___29th___ day of July, 2013.


                              s/Fred Van Sickle
                              Fred Van Sickle
                     Senior United States District Judge

Order - 6